1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Ryan Lee, Esq. (SBN 024846)
Krohn & Moss, Ltd.
10474 Santa Monica Boulevard, Suite 401
Los Angeles, CA  90025
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com
Attorney for Plaintiff
WILLIAM LANE

**IN THE UNITED STATES DISTRICT COURT,**
**DISTRICT OF ARIZONA**
**TUCSON DIVISION**

| | |
|---|---|
| WILLIAM LANE,<br><br>       Plaintiff,<br><br>vs.<br><br>SURETY ACCEPTANCE CORPORATION,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

**COMPLAINT**

WILLIAM LANE (Plaintiff), by his attorneys, KROHN & MOSS, LTD., alleges the following against SURETY ACCEPTANCE CORPORATION (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).  According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively

disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e).*

2.  Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

4.  Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5.  Because Defendant maintains a business office and conducts business in the state of Arizona, personal jurisdiction is established.

6.  Venue is proper pursuant to *28 U.S.C. 1391(b)(2).*

7.  Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8.  Plaintiff is a natural person who resides in the city of Vail, Pima County, Arizona and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

9.  Defendant is a national company and conducts business in the State of Arizona.

10. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

**FACTUAL ALLEGATIONS**

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged consumer debt.

12. Defendant places approximately three (3) collection calls to Plaintiff every day seeking and demanding payment.

13. Defendant placed collection calls to Plaintiff after 9:00 pm.

14. Defendant constantly and continuously places collection calls to Plaintiff at his place of employment (520) 733-8700.

15. Defendant threatened to garnish Plaintiff's wages while seeking and demanding payment for an alleged consumer debt. To date no wages have been garnished.

16. Defendant threatened to file a lawsuit against Plaintiff when seeking and demanding payment for an alleged consumer debt. To date, no lawsuit has been filed.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

17. Defendant violated the FDCPA based on the following:

   a. Defendant Violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff.

   b. Defendant Violated *§1692d(2)* of the FDCPA by using abusive language when speaking with Plaintiff in an attempt to collect upon an alleged debt.

   c. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of callers identity.

   d. Defendant Violated *§1692e* of the FDCPA by making false, deceptive, and misleading representations in connection with debt collection.

   e. Defendant Violated *§1692e(2)* of the FDCPA by misrepresenting the character, amount, or legal status of the debt.

f.   Defendant Violated *§1692e(4)* of the FDCPA by threatening that the nonpayment of the alleged debt will result in garnishment.

g.   Defendant Violated *§1692e(5)* of the FDCPA by threatening to take action that cannot legally be taken or is not intended to be taken.

h.   Defendant violated *§1692e(10)* of the FDCPA by engaging in deceptive means to collect a debt or obtain information about a consumer.

WHEREFORE, Plaintiff, WILLIAM LANE, respectfully requests judgment be entered against Defendant, SURETY ACCEPTANCE CORPORATION, for the following:

18. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

19. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

20. Actual damages,

21. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

22. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,


Dated: February 8, 2010          By:/s/Ryan Lee
                                 Ryan Lee, Esq.
                                 KROHN & MOSS, LTD.
                                 Attorneys for Plaintiff,




**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, WILLIAM LANE, demands a jury trial in this cause of action.

COMPLAINT

1

2   ## VERIFICATION OF COMPLAINT AND CERTIFICATION

3   STATE OF ARIZONA

4       Plaintiff, WILLIAM LANE, states as follows:

5   1.    I am the Plaintiff in this civil proceeding.
   2.    I have read the above-entitled civil Complaint prepared by my attorneys and I believe
6           that all of the facts contained in it are true, to the best of my knowledge, information
        and belief formed after reasonable inquiry.

7   3.    I believe that this civil Complaint is well grounded in fact and warranted by existing
        law or by a good faith argument for the extension, modification or reversal of existing

8           law.
   4.    I believe that this civil Complaint is not interposed for any improper purpose, such as

9           to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a
        needless increase in the cost of litigation to any Defendant(s), named in the

10          Complaint.
   5.    I have filed this Complaint in good faith and solely for the purposes set forth in it.

11  6.    Each and every exhibit I have provided to my attorneys which has been attached to
        this Complaint is a true and correct copy of the original.

12  7.    Except for clearly indicated redactions made by my attorneys where appropriate, I
        have not altered, changed, modified or fabricated these exhibits, except that some of

13          the attached exhibits may contain some of my own handwritten notations.

14      Pursuant to 28 U.S.C. § 1746(2), I, WILLIAM LANE, hereby declare (or certify,
verify or state) under penalty of perjury that the foregoing is true and correct.

15

16  DATE: _5 Feb 2010_              _William E Lane_
                                        WILLIAM LANE

17

18

19

20

21

22

23

24

25

- 6 -

COMPLAINT